UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA BREWER,
      Plaintiff,

-vs.-                            **DEMAND FOR JURY TRIAL**


ENTERPRISE RECOVERY SYSTEMS, INC.
      Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:


## JURISDICTION

1.  This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2.  This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.


## PARTIES

3.  The Defendant to this lawsuit is Enterprise Recovery Systems, Inc. which is an Illinois company that maintains registered offices in Oakland County.

1

## VENUE

4.  The transactions and occurrences which give rise to this action occurred in Kent County.

5.  Venue is proper in the Western District of Michigan.


## GENERAL ALLEGATIONS

6.  Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Ashford University in the amount of $100.00.

7.  On or about March 13, 2013, Defendant contacted Plaintiff's Mother, Tammy Brewer, regarding the alleged debt. The phone number Defendant called from is (260) 440-7878. This is the first time, to Plaintiff's knowledge, that Defendant has attempted to contact Plaintiff.

8.  During this conversation, Tammy Brewer spoke with Defendant's representative who did not give his name.

9.  Defendant's representative told Plaintiff's mother their company name, that the call was an attempt to collect on a debt, and what the debt was allegedly for. Plaintiff's mother notified Plaintiff of this conversation and what was said the same day.

10. Defendant was not attempting to gain Plaintiff's location or address information and willingly disclosed Plaintiff's debt to a third party

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates the preceding allegations by reference.

12. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

14. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

15. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

16. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

17. Plaintiff incorporates the preceding allegations by reference.

18.  Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

19. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

21. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

22. These violations of the Michigan Occupational Code were willful.

3

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

25. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

26. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

27. Plaintiff has suffered damages as a result of these violations of the MCPA.

28. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

4

Respectfully submitted,


                                   /s/ Gary Nitzkin

March 26, 2013                   GARY D. NITZKIN  P41155
                                   TRAVIS SHACKELFORD P68710
                                   MICHIGAN CONSUMER CREDIT LAWYERS
                                   Attorneys for Plaintiff